HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

**SARAH COLLINS**, an individual,

Plaintiff,

v.

**PEACEHEALTH**, a foreign nonprofit corporation with its primary location in Vancouver, Washington,

Defendant.

Case No.: 3:23-cv-06124 BHS

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant PeaceHealth submits this Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint") in this action. To the extent that any allegation in the Complaint is not specifically admitted, the allegation is denied. PeaceHealth answers the numbered paragraphs in the Complaint as follows:

## NATURE OF ACTION

1.

PeaceHealth denies the allegations in the second and third sentences of paragraph 1. The remainder of paragraph 1 contains statements or conclusions of law to which no response is required. To the extent facts are alleged, PeaceHealth denies them.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101

**JURISDICTION AND VENUE**

2.

Responding to paragraph 2, PeaceHealth admits that this Court has jurisdiction over Plaintiff's claims.

3.

Responding to paragraph 3, PeaceHealth admits that venue is proper in the U.S. District Court, Western District of Washington.

**PARTIES**

4.

Responding to paragraph 4, PeaceHealth admits that Plaintiff Sarah Collins was previously employed at Southwest Medical Center in Vancouver, Washington, and recently returned to work at PeaceHealth. PeaceHealth lacks sufficient information to admit or deny the allegation regarding Plaintiff's residence and therefore denies it. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 4.

5.

Responding to paragraph 5, Defendant PeaceHealth admits that it is a nonprofit organization with its principal place of business in Vancouver, Washington. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 5.

**GENERAL ALLEGATIONS**

6.

Responding to paragraph 6, PeaceHealth admits that during Plaintiff's employment with PeaceHealth, Plaintiff has been a Registered Nurse. PeaceHealth lacks sufficient information to admit or deny the allegation regarding Plaintiff's independent certifications and therefore denies it. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 6.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

7.

Responding to paragraph 7, PeaceHealth admits that Plaintiff began working at Southwest Medical Center in the intensive care unit ("ICU") in Vancouver, Washington in or about May 2016.

8.

Responding to paragraph 8, PeaceHealth admits that Plaintiff received performance evaluations, the contents of which speak for themselves. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 8.

9.

Responding to Paragraph 9, PeaceHealth admits that Plaintiff at times expressed concerns regarding PeaceHealth's health and safety protocols during the pandemic. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 9.

10.

PeaceHealth lacks sufficient information to admit or deny the allegations in paragraph 10 and therefore denies them.

11.

Responding to paragraph 11, PeaceHealth lacks sufficient information to admit or deny the allegation regarding Plaintiff filing a complaint with the Health Department and therefore denies it. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 11.

12.

Responding to paragraph 12, PeaceHealth admits that Plaintiff appeared in an Oregon Public Broadcasting news report in or around April 2020. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 12.

13.

PeaceHealth denies the allegations in paragraph 13.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

14.

Responding to paragraph 14, PeaceHealth lacks sufficient information to admit or deny the allegations regarding Plaintiff's application for a position at a different hospital and therefore denies them. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 14.

15.

Responding to paragraph 15, PeaceHealth lacks sufficient information to admit or deny the allegation regarding Plaintiff's application for a position at a non-PeaceHealth hospital and therefore denies it. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 15.

16.

PeaceHealth denies the allegations in paragraph 16.

17.

PeaceHealth lacks sufficient information to admit or deny the allegations in paragraph 17 and therefore denies them.

18.

PeaceHealth lacks sufficient information to admit or deny the allegations in Paragraph 18 and therefore denies them.

19.

PeaceHealth lacks sufficient information to admit or deny the allegations in paragraph 19 and therefore denies them.

20.

PeaceHealth lacks sufficient information to admit or deny the allegations in paragraph 20 and therefore denies them.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

21.

PeaceHealth lacks sufficient information to admit or deny the allegations in paragraph 21 and therefore denies them.

22.

PeaceHealth lacks sufficient information to admit or deny the allegations in paragraph 22 and therefore denies them.

23.

PeaceHealth lacks sufficient information to admit or deny the allegations in paragraph 23 and therefore denies them.

24.

Responding to paragraph 24, PeaceHealth admits that Plaintiff was placed on administrative leave on or around September 16, 2021, for potential policy violations unrelated to Plaintiff's KATU interview. PeaceHealth lacks sufficient information to admit or deny the allegation regarding when Plaintiff was interviewed and therefore denies it. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 24.

25.

Responding to paragraph 25, PeaceHealth admits that on or about September 16, 2021, Plaintiff's interview was aired on KATU and that an article referencing Plaintiff was posted to the KATU website. PeaceHealth admits Plaintiff was placed on administrative leave on or about September 16, 2021, due to potential policy violations unrelated to Plaintiff's KATU interview. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 25.

26.

Responding to paragraph 26, PeaceHealth admits that an investigatory meeting with Plaintiff was held on or about September 17, 2021. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 26.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

27.

Responding to paragraph 27, PeaceHealth admits that a meeting was held on or about September 29, 2021, with Plaintiff. Except as expressly admitted, PeaceHealth denies the allegations in Paragraph 26.

28.

PeaceHealth lacks sufficient information to admit or deny the allegations in paragraph 28 and therefore denies them.

29.

Responding to paragraph 29, PeaceHealth admits that on or about October 25, 2021, a meeting was held with Plaintiff. PeaceHealth further admits that Plaintiff was drug tested, including hair follicle testing. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 29.

30.

Responding to paragraph 30, PeaceHealth admits that it filed a complaint with the Board of Nursing regarding Plaintiff, the contents of which speak for itself, and that the complaint was later closed. PeaceHealth lacks sufficient information to admit or deny the allegations regarding what Plaintiff learned and when and therefore denies them. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 30.

31.

PeaceHealth denies the allegations in paragraph 31.

32.

Responding to paragraph 32, PeaceHealth admits that WSNA filed a grievance regarding Plaintiff being placed on unpaid leave. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 32.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

33.

Responding to paragraph 33, PeaceHealth admits that Plaintiff's employment was terminated on or about January 7, 2022. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 33.

34.

PeaceHealth denies the allegations in paragraph 34.

35.

Responding to paragraph 35, PeaceHealth admits that Plaintiff filed a grievance through WSNA, which was processed per the collective bargaining agreement between PeaceHealth and WSNA. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 35.

## FIRST CLAIM FOR RELIEF

### Whistleblower Retaliation in Violation of RCWA 43.70.075(1)(c)

36.

Responding to paragraph 36, PeaceHealth incorporates its answers to each paragraph above.

37.

Paragraph 37 sets forth legal conclusions to which no response is required. To the extent paragraph 37 purports to allege facts, PeaceHealth denies them.

38.

PeaceHealth denies the allegations in paragraph 38, including its subparts.

39.

Paragraph 39 sets forth legal conclusions to which no response is required. To the extent paragraph 39 purports to allege facts, PeaceHealth denies them.

40.

Paragraph 40 sets forth legal conclusions to which no response is required. To the extent paragraph 40 purports to allege facts, PeaceHealth denies them.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

41.

PeaceHealth denies the allegations in paragraph 41.

42.

PeaceHealth denies the allegations in paragraph 42.

43.

PeaceHealth denies the allegations in paragraph 43.

44.

PeaceHealth denies the allegations in paragraph 44.

45.

PeaceHealth denies the allegations in paragraph 45.

## SECOND CLAIM FOR RELIEF

### Wrongful Discharge in Violation of Public Policy

46.

Responding to paragraph 46, PeaceHealth incorporates its answers to each paragraph above, including all subparagraphs.

47.

Paragraph 47 sets forth legal conclusions to which no response is required. To the extent paragraph 47 purports to allege facts, PeaceHealth denies them.

48.

Paragraph 48 sets forth legal conclusions to which no response is required. To the extent paragraph 48 purports to allege facts, PeaceHealth denies them.

49.

Paragraph 49 sets forth legal conclusions to which no response is required. To the extent paragraph 49 purports to allege facts, PeaceHealth denies them.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

50.

Paragraph 50 sets forth legal conclusions to which no response is required. To the extent paragraph 50 purports to allege facts, PeaceHealth denies them.

51.

PeaceHealth denies the allegations in paragraph 51.

52.

PeaceHealth denies the allegations in paragraph 52.

53.

PeaceHealth denies the allegations in paragraph 53.

54.

PeaceHealth denies the allegations in paragraph 54.

55.

PeaceHealth denies the allegations in paragraph 55.

56.

PeaceHealth denies the allegations in paragraph 56.

57.

PeaceHealth denies the allegations in paragraph 57.

## THIRD CLAIM FOR RELIEF

## Unpaid Wages in Violation of 29 U.S.C. §206(b)

58.

Responding to paragraph 58, PeaceHealth incorporates its answers to each paragraph above, including all subparagraphs.

59.

PeaceHealth denies the allegations in paragraph 59.

60.

PeaceHealth denies the allegations in paragraph 60.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

61.

Responding to paragraph 61, PeaceHealth admits that Plaintiff has demanded payment of wages she believes are unpaid. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 61.

62.

PeaceHealth denies the allegations in paragraph 62.

63.

PeaceHealth denies the allegations in paragraph 63.

64.

PeaceHealth denies the allegations in paragraph 64.

65.

PeaceHealth denies the allegations in paragraph 65.

## FOURTH CLAIM FOR RELIEF

**Retaliation for filing a Complaint of Unpaid Wages in Violation of 29 U.S.C. §215(a)**

66.

Responding to paragraph 66, PeaceHealth incorporates its answers to each paragraph above, including all subparagraphs.

67.

Responding to paragraph 67, PeaceHealth admits that WSNA filed a grievance on or about the date alleged regarding Plaintiff being placed on unpaid leave. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 67.

68.

Responding to paragraph 68, PeaceHealth admits that Plaintiff's employment was terminated on or about January 7, 2022. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 68.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

69.

Responding to paragraph 69, PeaceHealth admits that Plaintiff communicated with PeaceHealth regarding the identified topics. Except as expressly admitted, PeaceHealth denies the allegations in paragraph 69.

70.

PeaceHealth denies the allegations in paragraph 70.

71.

PeaceHealth denies the allegations in paragraph 71.

72.

PeaceHealth denies the allegations in paragraph 72.

73.

PeaceHealth denies the allegations in paragraph 73.

## AFFIRMATIVE DEFENSES

Without assuming Plaintiff's burden of proof on any issues, PeaceHealth asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

74.

Plaintiff's Complaint is barred, in whole or in part, because plaintiff failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

75.

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

**THIRD AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory Reasons)**

76.

Any action taken regarding Plaintiff was taken for legitimate, non-discriminatory, and non-retaliatory reasons.

**FOURTH AFFIRMATIVE DEFENSE**

**(Not Willful)**

77.

Any alleged damages are inappropriate or barred because PeaceHealth made good-faith efforts to comply with applicable law. Any alleged statutory violations were not willful.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

78.

All or some portion of any damages or injuries Plaintiff may have suffered were caused by or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.

**SIXTH AFFIRMATIVE DEFENSE**

**(Compliance with Law)**

79.

Any recovery is barred by PeaceHealth's compliance or substantial compliance with all applicable laws underlying Plaintiff's claims.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Plaintiff)**

80.

Plaintiff's claims are barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff or any person on whose behalf relief is sought.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

**EIGTH AFFIRMATIVE DEFENSE**

**(Satisfaction of Duty)**

81.

PeaceHealth satisfied, fulfilled, and performed each and every duty imposed by law or contract to the full extent of its responsibility.

**ADDITIONAL DEFENSES**

PeaceHealth reserves its right to amend its answer to state additional affirmative and other defenses, and to add such counterclaims as may become available after reasonable opportunity for discovery.

WHEREFORE, having fully answered the Complaint, PeaceHealth prays as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by way of relief requested in the Complaint;

3. That PeaceHealth be awarded its costs and reasonable attorneys' fees in defending this action as may be authorized by applicable law; and

4. That the Court award such other and further relief to PeaceHealth as may be just and equitable under the circumstances.

///

///

///

///

///

///

///

///

///

///



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

DATED: January 8, 2024

STOEL RIVES LLP

*s/ Melissa J. Healy*
Melissa J. Healy, OSB No. 102176
melissa.healy@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

Admitted *pro hac vice*

*Attorneys for Defendant*

STOEL RIVES LLP

*s/ Mark O. Morgan*
Mark O. Morgan, WSBA No. 52006
mark.morgan@stoel.com
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Melissa Wood, hereby certify that on January 8, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such file to the parties who appeared in this case.

DATED: January 8, 2024 at Seattle, Washington.

*s/ Melissa Wood*
Melissa Wood, Practice Assistant



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*